UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTONIE ELAS,<br>Individually and on behalf of all others<br>similarly situated,<br><br>    Plaintiff,<br>          v.<br><br>ZAC PRINCE, FLORI MARQUEZ, AMIT<br>CHEELA, DAVID OLSSON, and SAMIA<br>BAYOU,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*    Civil Action No. 1:23-cv-10472-IT<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

January 25, 2024

TALWANI, D.J.

Pending before the court are various motions to appoint lead counsel pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 ("PSLRA"). For the reasons that follow, the court appoints Trey Greene, Arman Reyes, Cameron Wyatt, and Pham Duy Anh Dang as Co-Lead Plaintiffs pursuant to Sections 27(a)(3)(B)(v) and 21D(a)(3)(B)(v) of the PSLRA.

**I.        Background**

Plaintiff Antonie Elas commenced this action on March 1, 2023, as a putative securities class action under §§ 10(b), 12(a)(2), and 20 of the Securities Exchange Act of 1934; §§ 5 and 15 of the Securities Exchange Act of 1933; and M.G.L. c. 110A, §§ 410(a) and (b). Complaint [Doc. No. 1]. Elas brings this action on behalf of all individuals and entities who, between March 4, 2019, through November 28, 2022 (the "Class Period"), invested in BlockFi, Inc.'s

("BlockFi") BlockFi Interest Accounts ("BIAs") and were allocated cryptocurrency (or transferred cryptocurrency assets) to a BIA account in exchange for interest payments, and suffered financial injury as a result of such investments. Id. at ¶ 1. Elas asserts claims against BlockFi's CEO, COO, CFO, Global Head of Institutional Distribution, and Global Head of Private Client Investors. Id. at ¶¶ 21-26.

On March 23, 2023, Elas filed a Notice [Doc. No. 5] of a temporary restraining order issued by the United States Bankruptcy Court in the District of New Jersey in a bankruptcy proceeding brought by BlockFi and related entities temporarily. The order restrained Elas from prosecuting this action and Trey Greene from prosecuting Greene v. Zac Prince, et al., a similar action in the United States District Court for the District of New Jersey. Id.

On April 6, 2023, Elas filed a Notice of Agreed Stipulation and Order of Preliminary Injunction [Doc. No. 6] issued by the bankruptcy court. In that Order, the bankruptcy court, with the agreement of Defendants, Elas, and Greene, stayed the litigation in both this court and in the District of New Jersey until thirty days after the effective date of BlockFi's bankruptcy plan (the "Stipulated Injunction"). Id. at 5. During this period, the stay was lifted solely for the purpose of allowing potential plaintiffs to file motions for appointment of lead plaintiff pursuant to 15 U.S.C. § 78u-4. Id. at 6. Pursuant to the Stipulated Injunction, the time for any responses to motions for appointment of lead plaintiffs was also stayed. Id.

Plaintiff Elas filed his Motion for Appointment of Lead Plaintiff and Approval of Selection of Lead Counsel [Doc. No. 10] seeking appointment of Elas as Lead Plaintiff and Lockridge Grindal Nauen P.L.L.P. and Gustafson Gluek PLLC as Lead Counsel. Movants Trey Greene, Arman Reyes, Cameron Wyatt, and Pham Duy Anh Dang filed three competing

motions. <u>Motions for Appointment of Lead Plaintiff and Approval of Selection of Lead Counsel</u> [Doc. Nos. 8, 12, 15].

On December 6, 2023, Movants Greene, Reyes, Wyatt and Dang filed a <u>Joint Response</u> [Doc. No. 20] reporting that the Stipulated Injunction had expired and seeking their appointment as Co-Lead Plaintiffs and the approval of Pomerantz LLP ("Pomerantz") and Squitieri & Fearon, LLP ("Squitieri") as Co-Lead Counsel.

## II.    Discussion

Under the PSLRA, the court must appoint as lead plaintiff the purported class member or class members that it determines "to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The court must presume that the most adequate plaintiff is:

> the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion [for appointment as lead plaintiff];
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

<u>Id.</u> § 78u–4(a)(3)(B)(iii)(I). That presumption may be rebutted upon proof by another class member that the originally chosen plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." <u>Id.</u> § 78u-4(a)(3)(B)(iii)(II).

### 1.    *Financial Interest in the Relief*

While the PSLRA does not provide a methodology for determining which putative class member has the largest financial interest, many courts have considered "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class

period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); see also Leavitt v. Alnylam Pharms., Inc., 378 F. Supp. 3d 60, 64 (D. Mass. 2019). Among these four factors, courts have considered the approximate losses suffered to be the most important in determining the largest financial interest. See Leavitt, 378 F. Supp. 3d at 64 (citing Ark. Tchr. Ret. Sys. v. Insulet Corp., 177 F. Supp. 3d 618, 622 (D. Mass. 2016)).

Here, all Plaintiffs have measured their financial stake In terms of net funds expended—e.g., invested—in BlockFi BIAs during the Class Period. Using that metric, the proposed Co-Lead Plaintiffs undisputedly have the largest financial interest in the case. During the Class Period, Green invested over $1,586,492 in BIAs, Green Aff. ¶ 5 [Doc. No. 15-3]; Reyes invested over $460,000 in BIAs, Reyes Aff. ¶ 5 [Doc. No. 15-3]; Dang invested over $2,243,602 in BIAs, Dang Aff. ¶ 5 [Doc. No. 15-3]; and Wyatt invested over $4,135,900 in BIAs, Lieberman Aff., Ex. A [Doc. No. 14-1]. The sum of these investments substantially outweighs Elas's $425,000 investment. See Elas Mot. for Appointment, Ex. C [Doc. No. 10-4].

### 2. Rule 23 Typicality and Adequacy Requirements

The PSLRA's final requirement is that the proposed lead plaintiff satisfies Rule 23's class certification requirements of typicality, and adequacy. "To establish that a purported class member otherwise satisfies the requirements of Fed. R. Civ. P. 23 for purposes of a lead plaintiff motion, the movant need only make a prima facie showing that he or she satisfies the typicality and adequacy requirements." Leavitt, 378 F. Supp. 3d at 65; see also Ellenburg v. JA Solar Holdings Co. Ltd., 262 F.R.D. 262, 267 (S.D. N.Y. 2009) ("At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a lead plaintiff movant need only make a 'preliminary showing that it satisfies the typicality and adequacy requirements of [Rule 23].'").

The proposed Co-Lead Plaintiffs have made a prima facie showing that they satisfy Rule 23's requirements. The Co-Lead Plaintiffs allege that Defendants violated federal securities law by making false or misleading statements of material fact, as do all Class members. The Co-Lead Plaintiffs made investments in BIAs during the Class Period and allege that they were damaged as a result of the Defendants' false or misleading statements, as were all Class members. The Co-Lead Plaintiffs are likely to be adequate representatives of the Class given their substantial financial stake in the outcome of the litigation and their willingness to work as co-leads in pursuing the case to a resolution.

For the above reasons, the court will appoint Trey Greene, Arman Reyes, Cameron Wyatt, and Pham Duy Anh Dang as Co-Lead Plaintiffs.

### 3.    Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this court's approval. See 15 U.S.C. § 78u-4(a)(3)(B)(v). "While the [c]ourt should not be a rubberstamp, it should give the lead plaintiff['s] choice some weight." In re Lernout & Hauspie Sec. Litig., 138 F. Supp. 2d 39, 46-47 (D. Mass. 2001). Here, Co-Lead Plaintiffs ask the court to appoint the Pomerantz and Squitieri law firms as co-lead counsel and has submitted a document containing the law firm resumes. See Lieberman Aff., Ex. E (Pomerantz resume) [Doc. No. 14-5]; Dang Mot. for Appointment, Ex. C (Squitieri resume) [Doc. No. 15-4]. However, the request that the court appoint a law firm, rather than individual attorneys, raises the question of whether a law firm may serve as counsel where it may not enter appearances, or file pleadings pursuant to Fed. R. Civ. P. 11 and where the Local Rule 83.5.2 requires that when a party is represented by a law firm, "the appearance must include the name . . . of at least one attorney individual attorney." Accordingly, the request for appointment of lead counsel is denied without prejudice. Co-Lead

Plaintiffs may renew their motion by identifying the individual attorneys they seek to have appointed from each firm. In the alternative, Co-Lead Plaintiffs may renew their motion for the appointment of the Pomerantz and Squitieri law firms but must provide authority for the proposition that the PSLRA, Federal Rules of Civil Procedure, and/or applicable ethical rules contemplate and provide for the appointment of law firms, as opposed to individual attorneys, as lead counsel. The court does not anticipate finding persuasive court orders that appoint law firms as counsel without specifically addressing the issue.

### III.    Conclusion

For the foregoing reasons, Plaintiff Elas's Motion for Appointment of Lead Plaintiff and Approval of Selection of Lead Counsel [Doc. No. 10] is DENIED. Movants Trey Greene and Arman Reyes' Motion for Appointment of Lead Plaintiff and Approval of Selection of Lead Counsel [Doc. No. 8], Cameron Wyatt's Motion for Appointment of Lead Plaintiff and Approval of Selection of Lead Counsel [Doc. No. 12], and Pham Duy Anh Dang's Motion for Appointment of Lead Plaintiff and Approval of Selection of Lead Counsel [Doc. No. 15], as modified by their Joint Response [Doc. No. 20], are GRANTED in part and DENIED in part.

The court appoints Trey Greene, Arman Reyes, Cameron Wyatt, and Pham Duy Anh Dang as Co-Lead Plaintiffs pursuant to Sections 27(a)(3)(B)(v) and 21D(a)(3)(B)(v) of the PSLRA.

Co-Lead Plaintiffs shall promptly file a renewed motion for appointment of Lead Counsel in accordance with this order.

IT IS SO ORDERED

January 25, 2024                                    /s/      Indira Talwani
                                                   United States District Judge